ALDERMAN, JAMES E., Associate Judge
(dissenting):
Appellant was shot by a police officer during the course of a robbery. In the hospital, while in custody, he was interviewed on two occasions by police officers and made incriminating statements. A proffer of these statements was made by the State during its case in chief. However, the State voluntarily withdrew its proffer, apparently because the statements would have been inadmissible under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 ALR 3d 974 (1966). The statements were obtained while the appellant was in custody prior to his-having or effectively waiving counsel.
Appellant thereafter elected to take the stand and testified on his own behalf. His *470 testimony conflicted with the State’s version of the robbery. If the jury believed his story he most likely would have been acquitted. On cross-examination he denied ever having admitted that he was guilty of committing the robbery.
On rebuttal the State offered in evidence the testimony of the officers who had taken the incriminating statements from appellant while he was in the hospital. Appellant objected upon the grounds that there was no showing that the statements were voluntarily given. The trial court overruled his objection and allowed the testimony on rebuttal, citing Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed. 2d 1 (1971). The trial judge apparently was of the opinion that the question of voluntariness was irrelevant at that point and allowed no further inquiry as to the voluntariness of the statement.
The statements were inadmissible during the State’s case in chief because they were obtained while appellant was in custody prior to having or effectively waiving counsel. Miranda v. Arizona, supra. If Miranda were the only criterion by which we measured trustworthiness of confessions there would be no doubt that under Harris v. New York, supra, the statements in question would be admissible for the purpose of rebuttal. However there are other elements which must be considered and weighed before we can say that evidence of a statement or confession satisfies legal standards. This was recognized by Chief Justice Burger in his Opinion in Harris v. New York, supra, when he said:
“It does not follow from Miranda that evidence inadmissible against an accused in the prosecution’s case in chief is barred for all purposes, provided of course that the trustworthiness of the evidence satisfies legal standards.” (Italics added)
I wholeheartedly agree that a criminal defendant’s privilege to testify in his own defense cannot be construed to include the right to commit perjury and certainly a defendant who voluntarily takes the stand is under an obligation to speak truthfully and accurately. A defendant should not be allowed to use perjury by way of a defense, free from the risk of confrontation with prior inconsistent statements.
By the same token however a defendant who takes the stand to testify should not, in my opinion, be impeached by a statement which was involuntarily obtained from him. An extreme example of what I am talking about would be a confession obtained while the defendant was drugged or intoxicated to the extent that he did not know what he was saying, or a confession coerced from the defendant by torture or threat of torture.
I believe the State has the burden of establishing “voluntariness” of a confession or statements even when used only for rebuttal under Harris v. New York, supra. Before admitting any such evidence the trial judge should first determine that the trustworthiness of the proffered evidence satisfies legal standards.
In my opinion the trial judge below misconstrued the effect of Harris v. New York, supra. The effect of Harris is to excuse the State from compliance with Miranda, but it does not allow the State to use every statement or confession on rebuttal without any showing that such evidence satisfies legal standards. Perhaps the State could have very easily have shown in this case that the “trustworthiness of the evidence satisfied legal standards.” However no such showing was required and appellant was prohibited from challenging the incriminating statements. When the State withdrew its proffer of the evidence during its case in chief there was no need for appellant to challenge its trustworthiness. When it was offered on rebuttal appellant was not allowed to challenge its trustworthiness.
I can not say that the error in 'this case was harmless. I would, therefore, reverse *471 and remand with instructions that appellant be granted a new trial.